UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | No. 6:09-CR-44-GFVT-REW |
| | ) | No. 6:17-CV-104-GFVT-REW |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| BRAD ALLEN DAVENPORT, | ) | |
| | ) | |
| Defendant/Movant. | ) | |

*** *** *** ***

On April 18, 2017,[1] Brad Allen Davenport, a federal inmate, filed a *pro se*[2] motion under 28 U.S.C. § 2255. DE #30 (Motion). The Court conducted an initial review of the filing and perceived the motion to be untimely. DE #32 (Order). The Court directed both parties to address timeliness and equitable tolling (if applicable), *id.*, and each responded. DE ##33 (United States Response, seeking timeliness-based dismissal); 34 (Davenport Response). Having reviewed the filings under the applicable standards, the Court **RECOMMENDS** that the District Court **DISMISS** the time-barred motion (DE #30) **WITH PREJUDICE** and **DENY** a certificate of appealability.

I.  STATUTE OF LIMITATIONS

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Section 2255 provides in relevant part:

---

[1] This filing date reflects the prison mailbox rule, charitably construed. *See Richard v. Ray*, 290 F.3d 810, 812-13 (6th Cir. 2002) (*per curiam*). Here, Davenport affirmed under penalty of perjury that he "served" the motion on April 18, 2017. DE #30, at 13.

[2] *Pro se* filings receive a comparatively lenient construction by the Court. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a *pro se* habeas petition, 'though vague and conclusory, are entitled to a liberal construction'" including "active interpretation" toward encompassing an allegation stating "federal relief") (citation omitted).

1

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judge Van Tatenhove entered judgment[3] on April 15, 2010. DE ##21 (Sentencing Minutes); 22 (Judgment). Davenport did not appeal. The Judgment, therefore, became final on April 29, 2010. Fed. R. App. P. 4(b)(1)(A); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). The threshold issue here is deciding which subsection of § 2255(f) governs.

Davenport specifically invokes § 2255(f)(4) to support motion timeliness. DE ##30, at 2-3; 34, at 1-2. The Court, as it did previously, sees no applicability of § 2255(f)(4) to Davenport's claims. Davenport essentially makes a legal assertion that his plea failed to establish an adequate factual basis for the § 924(c) conviction; he proffers or establishes no new "facts supporting the claim or claims presented" post-Judgment entry. His recent "assert[ion] that there was insufficient evidence" for conviction is not a new fact but rather a characterization from the plea record. DE #34, at 2. To the contrary, it is an argument, and all the facts underlying it "could have been discovered through the exercise of due diligence" and indeed reasonably would have

---
[3] Davenport pleaded guilty to Counts 1 (a charge under 18 U.S.C. § 922(g)(1)), 3 (a charge under 26 U.S.C. § 5861(d)), and 4 (a charge under 18 U.S.C. § 924(c)). DE #14 (Rearraignment Minutes). Judge Van Tatenhove sentenced Movant to a total term of 210 months of imprisonment and 5 years of supervised release. DE #22 (Judgment).

been known to Davenport, a real-time observer, at the time of rearraignment and, later, Judgment.[4]

Davenport also references, with little elaboration, "the 'fundamental miscarriage of justice' exception to the AEDPA's one year limitation period." DE ##30, at 3; 34, at 2. This exception "is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) (internal quotation marks removed). However, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 118 S. Ct. 1604, 1611 (1998). The Court, as before, does not perceive a "credible" claim of actual innocence. *See Cleveland v. Bradshaw*, 693 F.3d 626, 632-33 (6th Cir. 2012). Presenting such a credible claim requires Movant "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Id.* at 633. The Court sees none of that in Davenport's submissions. Indeed, he did nothing to meaningfully develop this argument in the timeliness brief. Davenport similarly points to (as before) no "intervening change in the law that establishes [his] actual innocence." *See, e.g.*, *Phillips v. United States*, 734

---

[4] Davenport's vague reference to "jurisdictional defects" likewise earns him no relief. *See* DE #34, at 1. Foundationally, the Court fails to see how Movant's insufficient-evidence argument is a lack-of-jurisdiction claim. Indeed, Davenport himself originally recognized that this Court "is the court of original jurisdiction and has both the authority and jurisdiction to hear and decide the issue presented." DE #30, at 2. Regardless, "[f]ederal courts considering whether subject matter jurisdiction claims provide an exemption from the AEDPA's statute of limitations have uniformly rejected such claims." *Meadows v. Warden*, No. 1:10-cv-640, 2011 WL 4442644, at *4-*5 (S.D. Ohio May 4, 2011) (citing cases); *see also, e.g.*, *Miles v. Warden*, No. 1:15-cv-572, 2017 WL 274733, at *1-*2 (S.D. Ohio Jan. 20, 2017) (same principle).

F.3d 573, 582 (6th Cir. 2013). Again, Davenport's claim is a *legal* argument that, *at the time of rearraignment*, the facts he admitted did not validly establish guilt to the § 924(c) charge.[5]

Accordingly, § 2255(f)(1), not § 2255(f)(4), controls the timeliness inquiry here. Simply put, Davenport had one year from April 29, 2010, to file a timely § 2255 motion. He did not file his motion until April 18, 2017, thereby missing the (f)(1) filing deadline by **nearly 6 years**. Under this clear timeliness analysis, the statute of limitations bars Davenport's claims. He did not file timely under AEDPA.

## II. EQUITABLE TOLLING

Further, equitable tolling does not spare Davenport's motion.[6] The AEDPA statute of limitations is not jurisdictional; therefore, equitable tolling may be permissible in some circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (citing *Day v. McDonough*, 126 S. Ct. 1675, 1681 (2006)); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). However, the doctrine applies "sparingly," and the burden is on the defendant to prove its applicability. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). When requesting equitable tolling of the AEDPA limitation period, a petitioner bears the burden of establishing two elements: "(1)

---

[5] The Court also notes the dubious merits of the motion. Davenport admitted in the plea agreement that he traded drugs for the firearm on the date in question. *See* DE #19 (Plea Agreement), at ¶ 3. The Sixth Circuit has held "that acquiring a firearm in exchange for drugs is a crime under § 924(c)." *United States v. Tolliver*, 427 F. App'x 448, 451 (6th Cir. 2011); *see also United States v. Frederick*, 406 F.3d 754, 764 (6th Cir. 2005) ("[W]e conclude that acquisition of a firearm in exchange for drugs is a sufficient 'specific nexus' between the drugs and the guns to constitute possession 'in furtherance of' the drug sale. Thus, the district court's instruction was proper. As a matter of logic, a defendant's willingness to accept possession of a gun as consideration for some drugs he wishes to sell *does* 'promote or facilitate' that illegal sale."). The sufficiency and elemental challenges surely fail under this precedent.

[6] Equitable tolling applies to § 2255 motions. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), *abrogated on other grounds by Hall v. Warden*, 662 F.3d 745 (6th Cir. 2011) ("Because there is a rebuttable presumption that equitable tolling applies to statutes of limitations and there is no indication that Congress did not intend for equitable tolling to apply to the limitation period in habeas cases, the one-year statute of limitations in § 2255 is subject to equitable tolling."). The Government does not contest its conceptual applicability. DE #33.

4

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005)). The Sixth Circuit accordingly evaluates requests for equitable tolling under this two-part test. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011) (no longer following the five-factor test). The proper inquiry is case-by-case and fact-based. *See Holland*, 130 S. Ct. at 2562-63. The doctrine "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012) (citation and internal quotation marks omitted).

Davenport does not raise any fact-specific basis for equitable tolling. At most, Movant vaguely references "the conditions of his confinement" without actually identifying what any such condition was or why that justifies tolling.[7] This factless reference, with utterly no record support, is no basis for equitable tolling. *Cf., e.g.*, *Portman v. Wilson*, No. 10-CV-169-KSF, 2010 WL 4962922, at *2 (E.D. Ky. Dec. 1, 2010) ("It is well settled that . . . the frustrations of typical prison conditions that make prison-based litigation difficult, such as transfers [and] lack of access to copies and legal materials, do not constitute exceptional circumstances justifying equitable tolling." (citing cases)); *United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003) ("[A]llegations regarding insufficient library access, standing alone, do not warrant equitable tolling."); *Fitts v. Eberlin*, 626 F. Supp. 2d 724, 731 (N.D. Ohio 2009) (rejecting

---

[7] Movant confusingly asserts he "was entitled to further delay" of an indefinite period "so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence" and that "due diligence plainly did not require [him] to check on the factual basis of his plea for the firearm offense on the date his conviction became final absent appeal." DE #34, at 4. This line of argument appears to confuse assessment under § 2255(f)(4) with the applicability of equitable tolling. Assessing Movant's diligence of course requires examination of the claim timeline; Davenport inexplicably biding his time for over 7 years post-Judgment demonstrates he did not diligently pursue his rights as to this claim.

equitable tolling based on alleged "poor conditions" at the place of incarceration); *Williams v. Unknown Fed. Agents*, No. 7:15-CV-68-JMH, 2016 WL 4094879, at *3 (E.D. Ky. Aug. 1, 2016) (rejecting equitable tolling based on periods of incarceration "in transit" between custodial facilities); *Hizbullahankhamon v. Walker*, 255 F.3d 65, 76 (2d Cir. 2001) (rejecting equitable tolling "for the 22 days [Movant] spent in solitary confinement"); *Fox v. Holland*, No. 15-cv-02134 YGR, 2016 WL 4943003, at *4 (N.D. Cal. Sept. 16, 2016) (rejecting equitable tolling based on nonspecific allegations of prison lockdowns); *Decambre v. Johnson*, No. 3:01CV0378-P, 2001 WL 1029527, at *2 (N.D. Tex. Aug. 20, 2001) (rejecting equitable tolling based on generic arguments about "prison conditions"); *Plott v. Keller*, No. 1:09CV568, 2009 WL 3486382, at *2 (M.D.N.C. Oct. 21, 2009) ("Nor are prison conditions, such as lockdowns or misplacement of legal papers, normally grounds for equitable tolling." (citing cases)); *Blackwell v. McCann*, No. 06-CV-6789, 2009 WL 277532, at *3 (N.D. Ill. Feb. 4, 2009) ("Nor do difficult and unpredictable prison conditions constitute extraordinary circumstances warranting equitable tolling."); *Asencio v. Senkowski*, No. 00 Civ. 6418(NRB), 2000 WL 1760908, at *2 & *2 n.4 (S.D.N.Y. Nov. 30, 2000) ("[H]ardships associated with prison conditions do not constitute the rare circumstances under which equitable tolling is granted." (collecting cases)).

As the Court previously described, the delay of **nearly 7 years** between Davenport's conviction finality and § 2255 filing conclusively negates the diligence of Movant's rights pursuit. In that lengthy period, Davenport raised several issues, all unrelated to the specific argument he now makes, sharply undercutting any contention that Movant diligently pursued his rights as to this claim. *See* DE ##23, 24, 25, 27, and 29.[8] Davenport also identified, per the above

---

[8] DE #29 is a February 2016 Davenport letter addressed to the "Federal Public Defender Office" that obliquely references the § 924(c) charge, apparently in the context of requesting research into the impact, if any, of *Johnson* on his case. The letter suggests nothing regarding the specific,

6

analysis, no extraordinary circumstance sufficient to warrant equitable tolling. Further, nothing in the record suggests Davenport lacked actual or constructive notice of the filing requirements of § 2255. Movant had one year to file a § 2255 motion after expiration of the time to appeal, but he did not do so. Under the prevailing standards, the doctrine of equitable tolling does not apply to save the untimely motion.[9] Davenport did not timely file a § 2255 motion, and nothing but his own chosen course of conduct caused that result. He does not demonstrate a diligent rights pursuit or show any extraordinary obstacle to timely filing. The tolling burden is Movant's, and he fails to carry it.

III. CONCLUSION

The Court **RECOMMENDS** that the District Court **DISMISS** the time-barred motion (DE #30) **WITH PREJUDICE** and **DENY** a Certificate of Appealability.[10]

\* \* \* \* \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a

---

and quite different, argument Movant now makes. Davenport still waited *over one year* from this letter to raise the present § 2255 claim.

[9] Due to the recommended resolution, the Court does not yet formally assess the procedural default doctrine or the significance of Davenport's collateral attack waiver, both of which would likely here be significant. *See* DE #19, at ¶ 8. Movant does not seek to invalidate that waiver, which a court would typically enforce in this context (at least as to any non-*Strickland* claims).

[10] No Certificate of Appealability should issue because the timeliness result is not on this record fairly debatable. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (requiring a petitioner to demonstrate, when a court dismisses on procedural grounds, that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

7

timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 8th day of June, 2017.

Signed By:
Robert E. Wier
United States Magistrate Judge