Eastern District of Kentucky
F I L E D

JUL 0 6 2017

AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA, )
)  Criminal No. 6:09-cr-44-GFVT-REW
Plaintiff/Respondent, ) Related Civil No. 6:17-cv-104-GFVT-REW
)
V. )
) **ORDER**
BRAD ALLEN DAVENPORT, )
)
Defendant/Movant. )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court pending review of the Recommended Disposition of United States Magistrate Judge Robert E. Wier, filed on June 8, 2017. [R. 35.] Consistent with local practice, the Magistrate's Recommended Disposition addresses Brad Allen Davenport's motion to vacate under 28 U.S.C. § 2255. Before issuing his recommendation, Judge Wier ordered Mr. Davenport to show cause why his motion should not be dismissed as untimely. Judge Wier then considered the underlying record, Davenport's motion, and both the Government and Mr. Davenport's response as to timeliness.

Judge Wier's Recommended Disposition ultimately concludes that Mr. Davenport is not entitled to the relief sought. Specifically, Judge Wier found that Davenport's motion was filed nearly six years too late, and that equitable tolling does not spare the motion in any way. [See R. 35 at 3-7.] In light of these conclusions, Judge Wier recommended the Court deny a certificate of appealability. [*Id.* at 7, n. 10.] Finally, Judge Wier directed the parties to 28 U.S.C. § 636(b)(1) and advised the parties that any objections must be filed within fourteen (14) days of service. [*Id.* at 7-8.]

In order to receive *de novo* review by this Court, any objection to a recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the recommendation is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Parties who fail to object to a Magistrate's Recommended Disposition are also barred from appealing a district court's order adopting that Recommended Disposition. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

As of this date, neither Mr. Davenport nor the Government has filed objections or sought an extension of time to do so. Although the Court concludes that neither party has filed objections to the Recommended Disposition within the appropriate time period, the Court has still considered the record and ultimately agrees with the Magistrate Judge's recommendation. Furthermore, the Court declines to issue a certificate of appealability. The Court determines that reasonable jurists would not find the denial of Davenport's § 2255 motion debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED**:

1. The Magistrate's Recommended Disposition [R. 35] as to Brad Allen Davenport is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Davenport's § 2255 motion to vacate [R. 30] is **DENIED**;

3. A Certificate of Appealability is **DENIED**; and

4. **JUDGMENT** in favor of the United States will be entered contemporaneously herewith.

This the __15__ day of July, 2017.

Signed By:
Gregory F. Van Tatenhove
United States District Judge